FOYCE SMITH WHITNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitney v. Commissioner
Docket No. 30389-86.
United States Tax Court
T.C. Memo 1988-62; 1988 Tax Ct. Memo LEXIS 62; 55 T.C.M. (CCH) 134; T.C.M. (RIA) 88062; February 22, 1988. *62 Foyce Smith Whitney, pro se. Vijay S. Rajan, for the respondent. RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the calendar year 1983 in the amount of $ 3,780, together with an addition to tax under section 6653(a)(1) [1] in the amount of $ 189, and an addition to tax under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 40 of the underpayment. After concessions, the issues for decision are whether petitioner is entitled to deduct expenses claimed on Schedules A and C of his 1983 tax return, whether he is entitled to claim a personal exemption for his wife, whether petitioner had $ 90 of unreported interest income, and whether the additions to tax pursuant to sections 6653(a)(1) and 6653(a)(2) apply. [2]
*63 Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Chicago, Illinois when he filed his petition herein. He timely filed his Federal income tax return claiming a filing status of married, filing separately for the year at issue. During 1983, petitioner was employed full time with the Chicago Transit Authority. Petitioner has acknowledged, in the stipulation of facts, that amounts which he claimed on various lines of Schedules A and C of his 1983 tax return were claimed twice within the return. It is agreed that the total amount of these duplications is $ 3,300. Nevertheless, it is unclear whether petitioner is conceding that the total of his claimed deductions throughout the return should be reduced by $ 3,300, or whether he is now maintaining that he had additional deductions which would replace the duplicated deductions originally claimed. In the final analysis, this question need not be answered since petitioner has failed to produce any testimony or documentation necessary to meet his burden of proof under Rule 142. See . *64 Respondent's notice of deficiency disallowed $ 9,180 of Schedule C business expense deductions. [3] Petitioner's testimony at trial generally was to the effect that, in addition to his employment at the Chicago Transit Authority, he also engaged in the sale of Wadkin's Products, consisting of spices, flavors, bath oils, shaving lotions, insect repellents, and a range of other products. Petitioner also testified that he was engaged in the business of being a "legal consultant." Petitioner's Schedule C attached to his 1983 return shows gross receipts of $ 600. These are the only receipts reported by petitioner other than his wages from the Chicago Transit Authority. Petitioner also claimed a $ 1,000 "housekeeper" expense on Schedule A, under Miscellaneous Itemized Deductions, which respondent has disallowed. Petitioner acknowledged at trial that his 1983 return was incorrect. Petitioner produced no testimony or documentation at trial regarding specific amounts of expenditures claimed as deductions, the time of the expenditure, the method of payment, the identity of the payees, or the specific relationship between the payments claimed to have been made and the business purpose for *65 the alleged payments. [4] Without such evidence, petitioner cannot meet his burden of proof. See . *66 With respect to the personal exemption which petitioner claimed for his wife on his 1983 return, petitioner testified that he was married during 1983. However, he did not offer any evidence that he and his wife lived together during 1983. Petitioner testified that he did not know whether his wife was employed during 1983 or whether she filed a separate income tax return for that year. He adduced no testimony or documentation indicating specific amounts of support provided for his wife during the year in issue. , affd. on another issue . Petitioner produced no testimony or documentation to refute respondent's determination that he had $ 90 of additional interest income during the year in issue. Based upon the record in this case, we must find that petitioner totally failed to meet his burden of proof with respect to the disallowed deductions, exemption, and additional income in this case. Petitioner bears the burden of proof with respect to the additions to tax pursuant to sections 6653(a)(1) and 6653(a)(2). . *67 Petitioner has failed to produce any evidence to refute the applicability of these additions to tax. Therefore, respondent's determination must be sustained. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated, and all Rule references are to the Tax Court's Rules of Practice and Procedure. ↩
2. Petitioner's original return indicated that he was claiming a disability income exclusion in the amount of $ 3,800. On the face of the original return and in correspondence attached to the return, petitioner indicated that this amount was "not paid." The notice of deficiency indicates that this exclusion was not allowed in computing tax per the taxpayer's return. The record in this case is clear that petitioner did not receive disability income and is not now claiming entitlement to a disability income exclusion. ↩
3. Petitioner's original return, which is in evidence, lists items of expense on separate lines of the Schedule C. These separate items total $ 11,280. The amount listed as total deductions on line 31 of the Schedule C, however, is only $ 4,680 and only this amount is carried over to page 1 of the return as a business loss. Petitioner's original return did not contain a figure for taxable income and indicated the total tax to be zero even though, given the reported adjusted gross income, itemized deductions, and number of exemptions claimed, there would have been taxable income and a tax liability. The adjustments in the notice of deficiency which relate to Schedule C deductions cannot be reconciled to the figures in the original return. Other amounts in the notice of deficiency such as taxable income and tax previously shown on the return also are irreconcilable with the original return that is in evidence. Respondent's counsel represented that petitioner corresponded with the Internal Revenue Service after filing the original return and that the amount of adjustments to Schedule C (shown in the notice of deficiency) resulted from a Supplemental Schedule C, which petitioner filed and which respondent treated as part of his return. This Supplemental Schedule C is not in the record. While the record in this respect is incomplete, we think the parties were in agreement that the only issues in this case involved the propriety of the adjustments identified in the notice of deficiency. ↩
4. The parties did stipulate that petitioner paid $ 4,035 in rentals for his residence during the year 1983 but no evidence was introduced to substantiate what portion, if any, of the residence was used for business purposes. ↩